1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

15

16

17

|  |  |
|---|---|
| IN RE: SPOKANE RACEWAY PARK, INC., <br><br> Debtor. <br> ---------------------------------------------- <br> SPOKANE RACEWAY PARK, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ORVILLE MOE, <br><br> Defendant-Appellant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

NO.   CV-09-0379-JLQ

Bankr. Case No. 06-01966-PCW11

**ORDER AFFIRMING IN PART AND DISMISSING IN PART APPEAL OF DECEMBER 10, 2009 DECISIONS OF THE BANKRUPTCY COURT**

18

19

20

21

22

23

24

25

26

    This matter comes before the court on Orville Moe's  appeal seeking review of two orders filed by the Bankruptcy Court on December 10, 2009: 1) granting Washington Motorsport, Ltd.'s ("WML") Motion to Strike the Motion to Remove Trustee; and 2) granting WML's Second Motion to Strike Pro Se Pleadings.   ECF No. 1. Having considered the opening appellate brief (ECF No. 29), the response brief of the Spokane Raceway (ECF No. 42) and WML (ECF No. 43, 48), the reply brief (ECF No. 49), all briefing related to the Motion to Dismiss the Appeal (ECF No. 32), and the certified record, the court **dismisses in part** and **affirms in part**.

*///*

ORDER - 1

## I. BACKGROUND

On September 24, 2009, Orville Moe filed *pro se* a Motion to Remove the Trustee in the Spokane Raceway Park bankruptcy matter alleging a claimed appearance of impropriety on the part of John Munding, the appointed bankruptcy trustee.  On October 19, 2009, WML filed a Motion to Strike the Motion to Remove the Trustee, in which the Trustee, Mr. Munding later joined.  On December 1, 2009, WML filed a *second* Motion to Strike Pro Se Pleadings requesting the court to strike an additional seven documents filed after the first Motion to Strike was filed.   Munding joined in this motion as well.  The motions contended the documents were improperly filed pro se because Moe had been represented by counsel earlier in the case.

On December 7, 2009, the Bankruptcy Court held  heard oral argument on the two pending motions to strike.  Both motions were Granted by the court, the first on procedural grounds, the latter on substantive grounds. While the court excused Mr. Moe's filing of the documents pro se (as it was unclear at the time they were filed whether he was represented or not) (ER 738-739), the court struck the seven documents which were the subject of the *second* Motion to Strike on the basis that they had not been properly served.  ER 751.  The court advised Mr. Moe during the hearing, "If you want to request the relief that appears in those pleadings, you are welcome to do so.  You must file new pleadings requesting the appropriate relief and you must serve the pleading as required by the court rule."  ER 752. The court struck the documents finding them "null and void," and advised "[i]t's as though they don't exist." *Id*.

As to the Motion to Strike Moe's Motion to Remove the Trustee, the court first suggested Moe's Motion to Remove the Trustee could be stricken because, like the other seven documents, the motion was not properly served.  However, the court opted not to rest its ruling on this procedural defect and addressed the merits of the motion.  In granting the Motion to Strike, the court rejected the contentions in the Motion to Remove the

ORDER - 2

Trustee based on the *Rooker-Feldman* and preclusion doctrines.  The court repeatedly noted that [t]he state court and the bankruptcy court, both, as well as various state appellate courts and federal court appellate courts have already ruled on the issues raised..." by Moe. ER 791.  The court also found that Moe's motion lacked evidentiary support.  ER 792.

Moe herein appeals the rulings of the Bankruptcy Court granting these two motions to strike.

## II. ANALYSIS

### A.  Standard of Review

When considering an appeal from the bankruptcy court, a district court uses the same standard of review that a circuit court would use in reviewing a decision of a district court. *Ford v. Baroff* ( In re Barof ), 105 F.3d 439, 441 (9th Cir. 1997). Therefore, "findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo." *Christensen v. Tucson Estates ( In re Tucson Estates )*, 912 F.2d 1162, 1166 (9th Cir. 1990).  A review of a bankruptcy court's granting of a motion to strike and denial of removal of Trustee are reviewed for abuse of discretion.

### B.  Jurisdiction

The Trustee and WML initially argue that this court lacks jurisdiction over the appeal because the Bankruptcy Court's ruling is an interlocutory ruling that the Bankruptcy Court did not certify for appeal.  This court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.  28 U.S.C. § 158.  The Ninth Circuit has adopted a "pragmatic approach" to finality in bankruptcy that "emphasizes the need for immediate review, rather than whether the order is technically interlocutory." *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 769 (9th Cir. 2008) (*quoting Bonham v. Compton ( In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000). Thus, a bankruptcy order is deemed final and appealable where it (1) "resolves and seriously affects substantive rights"; and (2) "finally

determines the discrete issue to which it is addressed." *Id.* (*quoting Bonham*, 229 F.3d at 761). The court also has discretionary jurisdiction over appeals of non-final orders of the bankruptcy court upon certification of that court or all appellants and appellees. *General Elect Capital Corp. v. Future Media Productions, Inc.*, 547 F.3d 956m 958 (9th Cir. 2008)(citing 28 U.S.C. § 158(d)))

The Bankruptcy Court's granting of WML's *Second* Motion to Strike on the grounds that Moe's seven pleadings were not properly served was a non-final, non-appealable order. The court struck the documents without prejudice, advising Moe that he could re-file new pleadings so long as they are properly served. This court must dismiss the challenge to this ruling since it lacks jurisdiction to review the decision of the Bankruptcy Court regarding the Second Motion to Strike Pro Se Pleadings. It is the duty of this court to dismiss any claim in which the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976). Accordingly, this portion of Moe's appeal is **DISMISSED**.

However, this court has jurisdiction to consider the Bankruptcy Court's decision to grant WML's Motion to Strike the Motion to Remove the Trustee. The Bankruptcy Court's decision adopted its oral rulings at the hearing which rested on the substantive merit, or lack thereof, of Moe's Motion to Remove the Trustee. The Ninth Circuit has held that the district court has jurisdiction to hear the appeal of an order denying removal of a trustee. *In Re AFI Holding, Inc.*, 530 F.3d 832, 837 (9th Cir. 2008); *see also*, *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691-92 (7th Cir. 1992) (treating the denial of a motion to remove a trustee as a final order). Accordingly, the court will consider that portion of Moe's appeal related to the Motion to Remove the Trustee.

## C. The Bankruptcy Court's Ruling

Turning to the merits, the court reviews the issues presented on appeal. As the Appellees' Motion to Dismiss outlines, the Appellant's opening brief fails to comply with

ORDER - 4

the requirements of Fed.R.Bankr.P. 8010 by failing to set forth a clear statement of the issues presented, a statement of the case, or citations to the parts of the record relied upon. Such  failures have caused some courts to summarily affirm the lower court because it is not the court's duty to "develop [appellant's] arguments for him, find the legal authority to support those arguments, or guess at what part of the record may be relevant." *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1189 (9th Cir. 2003).

The ten issues identified by Moe in his Statement of Issues filed with the bankruptcy court were, in relevant part, as follows:

(1)     "...[S]hould the court have failed to consider and deal properly with an issue festering for several years in the WML receivership?"
(2)     "...[S]hould the bankruptcy court have dealt with the superior court ruling as if they were final orders, thus cutting off appellants from benefiting if the final results of the state court actions are overturned?
(3)     "Does the bankruptcy court have the power to review the superior court rulings or is the bankruptcy court prevented from review by the rulings known as Rooker-Feldman"
(4)     "Having alleged serious issues of collusion and fraud upon the courts, state and federal, was the appellant denied the lawful right to review and contest the bankruptcy orders?"
(5)     "Should the bankruptcy court have denied the motion of the WML receiver on the basis of standing, or by failure to inquire into the alleged collusion between the trustee and the receiver?"
(6)     "Was there a 'rush to judgment' by the bankruptcy judge, when the facts indicate this case is far from over, distribution and closing?"
(7)     "...[D]id the United States Trustee perform the oversight duties entrusted to the office?"
(8)     "Pure and simple, did the trustee, the receiver and aided by the US trustee, through their influence, fail in their responsibilities to courts of law and 'railroad' their disregard of fiduciary duty through the bankruptcy court?"
(9)     "Is there evidence of fraud, collusion, and/or gross negligence throughout the case by the trustee, John Munding?"
(10)    "What arrangement covering fees remain unanswered in this case?"

Moe's Reply brief asks this court to "order a hearing, trial or other review which will consider and expose the facts alleged to prove fraud and collusion"(Ct. Rec. 49 at 10) and suggests the court punish the Trustee for carrying out the fraud (Ct. Rec. 49 at 22).

Moe fails to recognize the unique and limited role of the district court in this bankruptcy context.  The court's role is to conduct an appellate review of the Bankruptcy Court's specific decision directly; not to decide issues anew.   Issues 7, 8, 9, and 10 are not

ORDER - 5

even derivative of the Bankruptcy Court's decision being appealed;  Issues 1, 4, 5, and 6 each essentially raise the question of whether the Bankruptcy Court erred in failing to hold an evidentiary hearing before rejecting the Motion to Remove the Trustee; Issues 2 and 3 are the real essence of this appeal, asking whether the bankruptcy judge committed legal error when she summarily rejected the Motion to Remove the Trustee on *Rooker-Feldman* and collateral estoppel grounds.

The court concludes the Bankruptcy Court's rejection of the Motion to Remove the Trustee was not an abuse of discretion.  The court's failure to order a hearing or investigation into Moe's allegations raised in the 49-page motion was not unreasonable, given that there was no evidence placed in the record to support the allegations contained in the motion.  ER 792 ("I've never had any evidence submitted as to any improper conduct by the trustee of the estate or collusion between the trustee of the estate and the receiver.").  Though the friction between the parties may be self-evident, allegations of fraud and collusion to support the allegation of impropriety (or appearance thereof) are rarely self-evident as Mr. Moe contends.  Ct. Rec. 49 at 10.

The court can not conclude on this record that the Bankruptcy Court erred in summarily rejecting the Motion to Remove the Trustee based on the finding that the allegations had already been reviewed by, addressed by, and rejected by numerous decisions of other courts.  ER 794-795. There is an *extensive* history of lawsuits and appeals relating to WML and SRP -- a history which the Bankruptcy Court was very familiar with given that at least five of those cases were in that court (Bankruptcy Court Cases, Nos. 06-01966-PCW11, 07-80015-PCW, 07-80088-PCW, 07-80100-PCW, 07-80122-PCW; Spokane Superior Court cases 03-2-06856-4, 03-2-06856-5; Ninth Circuit Case Nos EW-07-1210, 08-35039).  Appellant has failed to identify any error in the Bankruptcy Court's reasoning or articulate any basis for reversing the decisions.

ORDER - 6

1

**ACCORDINGLY, IT IS HEREBY ORDERED:**

2  Appellant's appeal of the Bankruptcy Court's December 10, 2009 decision granting

3  WML's Second Motion to Strike Pro Se Pleading is **DISMISSED** for lack of jurisdiction.

4  The Bankruptcy Court's December 10, 2009 decision granting WML's Motion to Strike

5  the Motion to Remove the Trustee is **AFFIRMED**. The Appellees' Motion to Dismiss is

6  DENIED (ECF No. 32) as **MOOT**. The Clerk of the Court is directed to enter this Order,

7  forward copies to the parties and the Clerk of the Bankruptcy Court, and close the file.

8  DATED this 19th day of October, 2010.

9                          s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH
10              SENIOR UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7